## In re HAGIN.

District Court, E. D. Louisiana, New Orleans Division. July 25, 1927.

No. 3158.

**1. Bankruptcy ⬤188(3)—Loan to bankrupt under stipulation for second mortgage held not entitled to recognition as equitable lien, where mortgage was never delivered (Civ. Code La. art. 3305; Const. La. art. 19, § 19).**

Under Civ. Code La. art. 3305, and Const. La. art. 19, § 19, loan to bankrupt under stipu-

21 F.(2d)—28

lation for a second mortgage on real estate, which mortgage, by oversight, was never executed or delivered, was not entitled to recognition as an equitable lien, but lender was entitled to be recognized only as general creditor; Bankruptcy Act, § 47a (2), being 11 USCA § 75, not being applicable.

**2. Bankruptcy ⬤188(3)—Bankruptcy court, as court of equity, is bound by positive state law denying recognition to equitable liens.**

Bankruptcy court, as court of equity sitting in Louisiana, is as much bound by the positive law of the state refusing recognition of equitable liens as are the courts of the state or any court of law.

**3. Equity ⬤54—Aid of equity courts can be invoked only by those acting in good conscience, good faith, and with reasonable diligence.**

The activity of courts of equity cannot be invoked, except by those who act, not only in good conscience and good faith, but also with reasonable diligence.

In Bankruptcy. In the matter of James E. Hagin, bankrupt. On petition by the Southern Development Company for review of referee's order refusing to recognize petitioner as the holder of an equitable lien against bankrupt's realty, or otherwise than as an ordinary creditor. Petition denied, and referee's order affirmed.

See, also, 21 F.(2d) 434.

Louis L. Rosen, of New Orleans, La., for petitioner.

A. P. Frymire, of New Orleans, La., for trustee.

BURNS, District Judge. [1] Petitioner for review, the Southern Development Company, loaned $750 to the bankrupt, stipulating for a second mortgage on certain real estate. By oversight on its part, the act of mortgage was not made, signed, or delivered. In due course, after adjudication, the trustee proceeded with the sale of the property, when the petitioner discovered that it did not hold the security intended. The referee refused to recognize petitioner's claim to recognition as the holder of an equitable lien, or otherwise than as an ordinary creditor. Hence the petition for review.

The referee must be sustained. Such liens are not recognized in Louisiana, where liens, privileges, and mortgages are precisely defined by the Civil Code, and no proof can be admitted of a verbal mortgage. Article 3305. The state Constitution (article 19, § 19), prescribes:

"No mortgage or privilege on immovable property, or debt for which preference may be granted by law, shall affect third persons

unless recorded or registered in the parish where the property is situated, in the manner and within the time prescribed by law."

Section 47a (2) of the Bankruptcy Act, as amended (11 USCA § 75), has no bearing on the case, because the petitioner has no lien, privilege, or mortgage that may come in conflict with the lien of the trustee, as such. The petitioner can be recognized as an ordinary creditor only.

[2] The contention of petitioner for consideration upon equitable grounds, to the detriment of other ordinary creditors and third persons generally, cannot prevail in Louisiana. As a court of equity, this court, sitting in Louisiana, is as much bound by the positive law of the state, where the statute is direct and applicable, as the courts of this state or any court of law. Eaton on Equity, pp. 47, 49.

[3] The activity of courts of equity cannot be invoked, except by those who act, not only in good conscience and good faith, but also with reasonable diligence. Pomeroy, Eq. Juris. 197, 198.

Petition denied. A decree affirming the referee's order may be entered accordingly.